UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JACOB ROBERT CABLE, <br><br> Plaintiff, <br><br> v. <br><br> KURARAY AMERICA, INC., <br><br> Defendants. | CAUSE NO. 3:22-CV-1031 DRL-MGG |

ORDER

Jacob Robert Cable, proceeding *pro se*, was afforded leave to file a second amended complaint because his first two complaints did not comply with the Federal Rules of Civil Procedure. The court allowed Mr. Cable to try once more, albeit with a narrow focus: "he may file an amended complaint, consistent with Rule 8 and this order, but only as it relates to discrimination, harassment, or retaliation by his employer (which on the pleadings thus far seems to be MonoSol, LLC). He is not permitted to raise other claims that cannot be brought under the law or join additional defendants" [71 at 12]. Mr. Cable was warned that failure to file a rule-compliant complaint would result in the dismissal of his case without further notice [71 at 13].

Mr. Cable timely filed his second amended complaint (called a third), but it does not comply with the Federal Rules of Civil Procedure or the court's previous order. Federal Rule of Civil Procedure 8(a)(2) and (d) requires but a "short and plain statement of the claim"—with allegations that are "simple, concise, and direct." Instead of drafting his amended complaint consistent with Rule 8 as instructed, and using the court's approved form to offer a plain and intelligible statement of a claim, he filed a 143-page document with over 700 numbered paragraphs that prove difficult to understand. *See Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) ("complaint that is prolix and/or confusing makes it difficult for the defendant[s] to file a responsive

pleading and makes it difficult for the trial court to conduct orderly litigation"); *see also Stanard v. Nygren*, 658 F.3d 792, 797-98 (7th Cir. 2011); *United States ex rel. Garst v. Lockheed-Martin Corp.,* 328 F.3d 374, 378 (7th Cir. 2003). Instead of narrowing his claims to those against his employer as instructed, where the court identified a possibility that he might be able to fashion a claim, Mr. Cable again tries to raise numerous claims against ten defendants. He also lists twenty "possible criminal allegations" against this presider, when again his focus should have been on the merits of his employment claims, if any.

The court has afforded Mr. Cable three opportunities to file a complaint that complies with the rules and warned him that failure to do so would result in the dismissal of this case without further notice. His second amended complaint is noncompliant so the court STRIKES it [74] and DISMISSES the case under 28 U.S.C. § 1915A.

SO ORDERED.

January 22, 2024                                                  *s/ Damon R. Leichty*
                                                                  Judge, United States District Court